# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 26, 2020          Decided February 5, 2021

No. 19-7161

MARK DIMONDSTEIN, AN INDIVIDUAL,
APPELLANT

v.

JERRY STIDMAN, AN INDIVIDUAL AND JONATHAN KELLEY, AN
INDIVIDUAL,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02474)

*Mitchell J. Langberg* argued the cause for appellant. With him on the briefs was *George M. Chuzi*.

*James Bopp Jr.* argued the cause for appellees. With him on the brief was *Amanda L. Narog*. *Melena Siebert* entered an appearance.

Before: TATEL and WILKINS, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: In this case, Mark Dimondstein, President of the American Postal Workers Union, sued Union members Jerry Stidman and Jonathan Kelley for defamation. Dimondstein is a District of Columbia resident, Stidman is an Indiana resident, and Kelley is a Wisconsin resident.

Dimondstein alleged that in July 2019, while he was running for re-election, Stidman posted on his own website an article defaming Dimondstein. Kelley, according to Dimondstein, then re-published that defamatory article on Facebook.

Stidman and Kelley moved to transfer the case to the Southern District of Indiana or, in the alternative, dismiss it under Federal Rules of Civil Procedure 12(b)(2) and (b)(3) because, they claimed, the district court lacked personal jurisdiction over them and because venue was improper. *Dimondstein v. Stidman*, No. 19-cv-2474 (TJK), 2019 WL 6117527, at *1 (D.D.C. Nov. 18, 2019). The district court dismissed the case for improper venue. *Id.* Although it stated that it "need not—and d[id] not" conclude whether it "ha[d] personal jurisdiction over" Stidman and Kelley, it explained in a footnote that even though it "d[id] not reach the issue, it appears likely that it" lacked "personal jurisdiction over Defendants" for two reasons. *Id.* at *2 n.3. First, "[t]his Circuit has repeatedly rejected the argument that a defamatory act occurs *in* the District of Columbia merely because a plaintiff suffers injury here." *Id.* Second, it doubted that "merely paying dues to a union that happens to be headquartered in the District of Columbia is enough to permit personal jurisdiction under the District of Columbia's long-arm statute." *Id.*

In *Leroy v. Great Western United Corp.*, the Supreme Court explained that "personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically

3

decided in advance of venue, which is primarily a matter of choosing a convenient forum." 443 U.S. 173, 180 (1979). But because "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is," "a court may reverse the normal order of considering personal jurisdiction and venue" when "there is a sound prudential justification for doing so." *Id.* Our circuit has likewise recognized "that questions of personal jurisdiction should generally be decided before questions of venue," unless a court has "a sound prudential justification" to "reject a case for improper venue without deciding the question of personal jurisdiction." *Cameron v. Thornburgh*, 983 F.2d 253, 257 n.3 (D.C. Cir. 1993) (internal quotation marks omitted); *see also Pinson v. U.S. Department of Justice*, 74 F. Supp. 3d 283, 292 n.17 (D.D.C. 2014) ("Typically, questions of personal jurisdiction are determined prior to venue, although in certain circumstances sound prudential justification may allow the court to consider venue without first deciding personal jurisdiction." (internal quotation marks omitted)); *Mathis v. Geo Group, Inc.*, 535 F. Supp. 2d 83, 86 (D.D.C. 2008) ("Generally, a court should decide questions of personal jurisdiction before questions of venue. Where a sound prudential justification exists, a court may consider venue without deciding the question of personal jurisdiction." (citations omitted) (internal quotation marks omitted)).

Here, the district court failed to provide a "sound prudential justification" for addressing venue before personal jurisdiction. *Leroy*, 443 U.S. at 180. Nor is one easily ascertainable. The venue analysis in this case involves issues that our court has yet to consider, including where publication occurs when allegedly defamatory material is published on both a public website and a limited access online social media page, as well as the significance of where the harm caused by defamation is felt. Dealing first with the venue question, then,

would neither provide "an easier resolution of the case," *Cameron*, 983 F.2d at 257 n.3, nor prevent the court from having to "decide a question of . . . law that it has not heretofore decided," *Leroy*, 443 U.S. at 181. Indeed, diving into the venue analysis required the district court to address previously undecided questions that it, and we, might otherwise never have to face.

For the foregoing reasons, we vacate the district court's order dismissing the case and remand for further proceedings consistent with this opinion.

*So ordered.*